STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V.
FIRST STATE BANK OF ALLIANCE: E. H. LUIKART,
RECEIVER, APPELLEE: ALFRED H. SMITH, INTER-
VENER, APPELLANT.

FILED MARCH 31, 1932. NO. 28172.

*R. O. Canaday* and *F. E. Williams,* for appellant.

*F. C. Radke, Barlow Nye* and *M. Craft Radke, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY,
DAY and PAINE, JJ.

PAINE, J.

This is an appeal from a judgment of the district court
for Box Butte county, classifying the holder of a draft,
sold by the First State Bank of Alliance, among deposi-
tors as a holder of exchange of that bank. Appellant
seeks to set aside this classification and to obtain the po-
sition of the beneficiary of a trust, entitled to payment
in full out of the assets of the failed bank before claims
of depositors are considered.

Upon December 26, 1929, Alfred H. Smith, who had
a substantial deposit in the First State Bank of Alliance,
cashed a check on that bank for $1,500, taking $500 of
the proceeds in cash, and taking its draft on the Omaha
National Bank for the balance of $1,000, and having the
same made payable to Ada Melvin. This draft was trans-
mitted by Lizzie Smith, the wife of Alfred H. Smith, to
Ada Melvin, at Modesto, California, to pay an obligation
due her from Mrs. Smith. The draft was cashed at the
Security-First National Bank of Los Angeles, California,
upon January 3, 1930, but before it reached the Omaha.

National Bank, upon which it had been drawn, the First State Bank of Alliance had been closed, and payment was refused, thereupon Mrs. Smith paid to Ada Melvin the $1,000 she owed her with other funds, and took an assignment of the draft, and, under the name of Lizzie Smith, she filed a claim in the receivership proceedings of the First State Bank of Alliance. After the hearing the receiver classified this $1,000 draft as a deposit. Shortly thereafter Mrs. Smith died, and Alfred H. Smith, the appellant, was appointed administrator of her estate, and filed a petition of intervention in this case. There was no intent on the part of Alfred H. Smith to obtain an illegal preference in this matter, and he had no intimation or knowledge, at the time he purchased the draft, that the First State Bank of Alliance was in failing circumstances. This claim was tried by the district court upon the same basis in every way as though the claim had been filed by Ada Melvin. The district court denied the prayer of the petition of intervention, asking that it be paid in full as a trust fund, and approved the action of the receiver allowing it only as a deposit.

A single question is presented for determination to this court in this case: Is the payee, or assignee of the payee, of such a draft, drawn by a bank which is closed before the draft is cashed by the bank on which it is drawn, entitled to claim a trust fund under section 62-1812, Comp. St. 1929, or is such assignee simply a holder of exchange under section 8-1,102?

It is insisted in the briefs filed in this case that this court has never passed upon this question, nor has the appellant been able to find any case from any other jurisdiction passing upon a similar statute. The appellee, in his brief, cites in support of his contention the following authorities: *Grammel v. Carmer,* 55 Mich. 201, 54 Am. Rep. 363; 3 Michie, Banks and Banking (Perm. ed. 1931) 315, sec. 207; *State v. Farmers State Bank,* 111 Neb. 117; *Leach v. Battle Creek Savings Bank,* 202 Ia. 875; *Leach v. Exchange State Bank of Stuart,* 203 Ia. 790; *Standard Oil Co. v. Veigel,* 174 Minn. 500; *Legniti*

*v. Mechanics & Metals Nat. Bank,* 230 N. Y. 415, 16 A. L. R. 185. However, since this case was submitted, a decision has been handed down in *State v. State Bank of Belvidere,* 122 Neb. 797, in which the full court had this identical question before it and passed squarely upon it, as follows: "The purchaser of a bank draft is a purchaser of a bank's credit and a holder of exchange, and, as such, is entitled to share *pro rata* with depositors and other holders of exchange in the assets of a failed state bank and in the depositors' final settlement fund, but, in the absence of special circumstances, is not entitled to have his claim allowed as a trust fund."

There being no error in the record of the district court, the judgment thereof is hereby

AFFIRMED.