STATE, EX. REL. C. A. SORENSEN, ATTORNEY GENERAL,
v. FARMERS & MERCHANTS BANK OF WESTON:
E. H. LUIKART, RECEIVER, APPELLANT:
FIRST NATIONAL BANK OF WAHOO, INTERVENER, APPELLEE.

FILED JUNE 10, 1932. No. 28231.

*F. C. Radke, Barlow Nye, W. A. Crossland* and *Joe F. Berggren,* for appellant.

*E. S. Schiefelbein, contra.*

Heard before Goss, C. J., Rose, Dean, Eberly, Day and Paine, JJ., and Ryan, District Judge.

Rose, J.

In a proceeding in the district court for Saunders county to wind up the affairs of the Farmers & Merchants Bank of Weston, an insolvent banking corporation, the First National Bank of Wahoo as claimant and intervener presented a petition for the recovery of a trust fund of $100 payable in full out of bank assets in the hands of the receiver, in preference to claims of depositors and other creditors. The receiver had previously rejected the trust-fund theory of intervener, but had ranked and allowed its claim in the class with preferred depositors and holders of exchange. The claim arose in the following manner: April 14, 1930, A. H. Thege went into the Farmers & Merchants Bank of Weston, and, though not a depositor, legally turned over to it the equivalent of $100 in money and received therefor a cashier's check on that bank for $100. April 15, 1930, he presented the cashier's check to the First National Bank of Wahoo, now claimant and intervener, and received therefor $100. The Farmers & Merchants Bank of Weston went into the hands of the receiver and never paid the cashier's check. The plea of intervener is that the $100 represented by the cashier's check went into the Farmers & Merchants Bank, was never withdrawn, is now in the hands of the receiver

and belongs to intervener in the form of a trust fund. This position is assailed by an answer to the effect that Thege bought a cashier's check having in law for commercial purposes the status of a draft or certified check, that the holder of the paper is a holder of exchange within the meaning of the law, and that the title to the $100 paid by Thege passed to the bank receiving the payment and is now an asset thereof. On the issues thus raised the litigants went to trial. The district court ruled in favor of intervener, declared a trust in its favor and ordered the receiver to pay its claim in full. The receiver appealed.

The essential facts are not in dispute. There are now precedents for the following rules: A check on a bank does not operate as an assignment of funds therein to the amount of the check, a former rule to the contrary having been changed by statute. Comp. St. 1929, sec. 62-1606; *State v. State Bank of Belvidere*, 122 Neb. 797. By purchasing a cashier's check, bank draft or certified check, the purchaser usually becomes a creditor of the bank and the holder of exchange, and not the beneficiary of a trust, in absence of special circumstances creating the relation of trustee and beneficiary. *State v. State Bank of Belvidere*, 122 Neb. 797; *State v. First State Bank of Alliance*, *ante*, p. 23. These rules, when applied to the undisputed facts, require a finding that intervener did not make a case entitling it to payment in full on the basis of a trust fund in the hands of a receiver. Intervener's claim was properly classified by the receiver. The judgment of the district court is reversed and the cause remanded for a decree conforming to this opinion.

REVERSED.