STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. NEWMAN GROVE STATE BANK, APPELLANT: CENTRAL NATIONAL BANK OF COLUMBUS, INTERVENER, APPELLEE.

FILED APRIL 7, 1933. No. 28498.

F. C. Radke, Barlow Nye, G. E. Price, H. Halderson and Moyer & Moyer, for appellant.

Wagner & Wagner and Kelsey & Kelsey, contra.

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is an action to recover from the receiver of the Newman Grove State Bank the proceeds of an item sent to it for collection by the Central National Bank of Columbus. The item was collected and the collecting bank sent its draft for the proceeds, which was not paid because of the insolvency of the Newman Grove bank. The trial court held that the claim was a trust fund. This transaction took place between the 15th and the 17th days of July, 1929. Section 12, ch. 41, Laws 1929, commonly known as the uniform collection code, now section 62-1812, Comp. St. 1929, is not, therefore, applicable to this case, since it did not go into effect until July 25, 1929. The Newman Grove bank was the agent of the Columbus bank to make the collection and transmit the proceeds to the Columbus bank. It held the collection item and the proceeds in trust for the Columbus bank. *State v. Nebraska State Bank,* 120 Neb. 539; *Anheuser-Busch Brewing Ass'n v. Morris,* 36 Neb. 31; *Griffin v. Chase,* 36 Neb. 328; *State v. Bank of Commerce,* 61 Neb. 181; *State v. Citizens State Bank,* 117 Neb. 358; *Eifel v. Veigel,* 169 Minn. 281.

The controversy in this case arises over the fact that, in the letter of transmittal, the Columbus bank instructed the Newman Grove State Bank as follows: "When paid,

kindly forward us your draft in payment, less your customary charge." Does this instruction operate to terminate the relationship of principal and agent and establish the relationship of debtor and creditor upon the issuance of a draft to cover the amount, which is accepted by the Central National Bank, but which was not paid due to the insolvency of the Newman Grove State Bank? It is generally held that the trust is destroyed where the forwarding bank requests and accepts from the collecting bank its own obligation or where there is an agreement that the bank's own obligation shall be substituted for the moneys collected. In accord with this, it has been held that, where a bank received payment of a note placed with it for collection, and in compliance with the request of the owner, he is sent a cashier's check for the amount when there is cash on hand sufficient to meet it, the owner becomes a creditor of the bank, entitled to no preference over ordinary creditors upon the failure of the bank, leaving an unpaid draft. *Massey-Harris Harvester Co. v. First State Bank,* 122 Kan. 483; *Colorado & S. R. Co. v. Docking,* 124 Kan. 48; *Lummus Cotton Gin Co. v. Walker,* 195 Ala. 552. Practically to the same effect is our holding in *State v. First State Bank,* 123 Neb. 643, where a trust fund in a bank was paid at the request of the beneficiary by means of a draft, it was held that a request for payment by draft was equivalent to the purchase of the exchange of the bank. The trust character of the fund was destroyed by a request for and an acceptance of a draft in exchange.

The above cited cases are from jurisdictions which have adopted the trust theory with respect to collections made of items forwarded to a bank for collection, and even in these jurisdictions, it is generally held that the trust relationship is terminated when the owner of the item requests collection and payment by draft and pursuant to this request a draft is issued. It is equivalent to taking the cash which the bank has collected and purchasing exchange of the bank with it. The cases

which hold that the issuance of a draft does not terminate the trust relationship are based upon the theory that, the draft having been issued to pay an obligation that is of a trust character, the issuance of the draft does not destroy that character, but they are, without exception, cases in which there was neither a request for nor the voluntary acceptance of a bank draft. See *Milne v. Capital Trust & Savings Bank,* 170 Minn. 66; *National Bank of the Republic v. Porter,* 44 Idaho, 514.

It is argued that whether or not a bank which has made a collection and remitted by its draft to the owner of the item is a debtor or trustee depends upon the intention of the parties. *Federal Reserve Bank v. Peters,* 139 Va. 45, is relied upon to support this sound rule. In this case, says the appellant, the intention was that the bank was to collect the money and remit, it being the intention of the Central National Bank that the collecting bank would remit the cash or its equivalent. The intent of the parties in the present transaction must be inferred from the letter of transmittal, and in that letter the instruction is unequivocal that the collecting bank should, "When paid, kindly forward us your draft in payment, less your customary charge." There is no ambiguous language which would require us to go beyond the letter of instruction to determine the intent of the parties. In view of this positive and definite instruction, the forwarding bank asked for and received exchange of the Newman Grove State Bank, and as a holder of such exchange, it is entitled to a prior claim against the assets of the bank in common with the depositors.

The judgment of the district court is therefore reversed and the cause remanded, with directions to enter a judgment finding that the intervener, the Central National Bank, is a holder of exchange, entitled to be paid as a depositor from the assets of the bank, but is not entitled to have a trust impressed upon the assets of said bank.

REVERSED.