STATE, EX REL, C. A. SORENSEN, ATTORNEY GENERAL, V. STATE BANK OF OMAHA, E. H. LUIKART, RECEIVER, APPELLANT: FIRST NATIONAL BANK OF OMAHA, INTERVENER, APPELLEE.

FILED DECEMBER 11, 1934. No. 29073.

*F. C. Radke, Hanley & O'Brien* and *Barlow Nye,* for appellant.

*Finlayson, Burke & McKie, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and DAY, JJ., and ELDRED, District Judge.

GOSS, C. J.

E. H. Luikart, receiver of the State Bank of Omaha, appeals from a judgment allowing, as a trust fund, with priority over all other creditors, the claim of the First National Bank of Omaha.

This claim was based on a check for $1,371.60, drawn by Vincent Grain Company on its account in the State Bank of Omaha, to take up a draft, with bill of lading attached covering a car of grain, of which check claimant had become the owner in due course of business. Vincent Grain Company presented its check to the First National Bank on August 8, 1931. Vincent Grain Company was asked to get the check certified, which it did on the same day. The First National Bank accepted it and surrendered the bill of lading. This certified check was duly presented for payment and was refused for the reason that the State Bank of Omaha had been taken over by the department of trade and commerce at the close of business on August 8, 1931. The above facts are taken from the bill of exceptions, which contained nothing but a short stipulation of facts.

There was and could be no augmentation of the assets of State Bank of Omaha by the process described. When the check was certified it operated as an assignment to

the holder of $1,371.60 of the funds to the credit of Vincent Grain Company in the bank. Comp. St. 1929, sec. 62-1606. Merely changing its credits or its creditor did not augment the assets of State Bank of Omaha.

In the absence of special circumstances creating the relation of trustee and beneficiary, the holder of a certified check is a creditor of the certifying bank and the holder of exchange, and not the beneficiary of a trust. *State v. Farmers & Merchants Bank,* 123 Neb. 358; *State v. First State Bank of Alliance,* 123 Neb. 23; *State v. South Omaha State Bank,* 126 Neb. 46. No special circumstances are shown.

The judgment of the district court is reversed and the cause remanded for a decree in conformity with this opinion.

REVERSED.