MARY LOGAN, APPELLANT, V. FARMERS & MERCHANTS BANK OF MILLIGAN, APPELLEE.

FILED JANUARY 11, 1935. No. 29099.

*E. J. Steinacher* and *Guy A. Hamilton,* for appellant.

*Sloans, Keenan & Corbitt, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and MUNDAY, District Judge.

GOOD, J.

Three actions in the district court were consolidated and brought to this court by one appeal. The actions are similar and ran the same course in the district court. In all essentials the issues are identical. In the opinion reference will be made to but one cause, but will be applicable to each of the others.

Mary Logan in her petition sought to impress a trust on the assets of the defendant bank for and on account of a cashier's check, issued to her by defendant, and payment of which was refused by defendant when presented. To this petition defendant filed a general demurrer. The trial court held that the petition stated a cause of action in law but not in equity. Plaintiff disclaimed any right to recover at law, entered dismissal of any claim at law and relied wholly upon her petition as stating a cause of action for equitable relief. Thereupon, the demurrer was sustained. Plaintiff refusing to further plead, the action was dismissed. A like course followed in the other two actions.

In her petition Mary Logan alleged that she was a resident of Montana; that December 3, 1932, she paid to defendant $2,000 in cash for a cashier's check of like amount, for the purpose of transferring such money from Milligan, Nebraska, for her use and benefit in her home in

Montana. A copy of the cashier's check is set out in the petition. She alleged that thereafter she returned to her home in Montana, indorsed the cashier's check and forwarded the same by mail to defendant for payment. January 7, 1933, defendant refused payment of the check and returned it to plaintiff. If the bank gave any reason for its refusal to pay the check, such reason is not set forth in the petition. Plaintiff further alleged that she is the owner and holder of the check, and that March 9, 1933, the secretary of the department of trade and commerce of the state of Nebraska, pursuant to the bank moratorium act, by order duly issued placed the defendant bank under restrictions as to its activities and operations, and that defendant so remained under such restrictions when this action was commenced. She further alleged that the cash paid to defendant for the cashier's check increased the assets of the bank by the amount paid, and that the refusal of the bank to pay the cashier's check when presented created a trust in her favor, and that she is entitled to have such trust impressed upon all of the assets of the bank. The petition contained a second cause of action, based on another cashier's check, issued to her at a later date, and which ran the same course as the one in the first cause of action.

Under the circumstances, we are not required to determine whether the petition states a cause of action at law, but to determine whether it states a cause for equitable relief, viz., to have impressed as a trust on the assets of the defendant bank the amount of plaintiff's claim.

In *State v. State Bank of Belvidere*, 122 Neb. 797, it was held: "The purchaser of a bank draft is a purchaser of a bank's credit and a holder of exchange, and, as such, is entitled to share *pro rata* with depositors and other holders of exchange in the assets of a failed state bank and in the depositors' final settlement fund, but, in the absence of special circumstances, is not entitled to have his claim allowed as a trust fund." That case, of course, was one involving a claim against an insolvent bank in the

hands of a receiver. However, there would be a stronger reason, in the case of insolvency, for holding that such purchaser was entitled to a trust fund, than where the bank was solvent.

In *State v. Farmers & Merchants Bank*, 123 Neb. 358, in an opinion by Rose, J., it was held:

"By purchasing a cashier's check, bank draft or certified check, the purchaser usually becomes a creditor of the bank and the holder of exchange, and not the beneficiary of a trust, in absence of special circumstances creating the relation of trustee and beneficiary.

"Holder of a cashier's check on a bank which went into the hands of a receiver and never paid the check, *held* not entitled, as claimant for a trust fund, to payment in full from bank assets in the hands of the receiver in preference to depositors."

In *State v. First State Bank of Alliance*, 123 Neb. 23, the payee of a draft who was unable to collect because of the insolvency of the bank issuing the draft, was held not to be entitled to have his claim allowed a preference as a trust, but one to share with other holders of exchange and depositors in the assets of the bank.

In *State v. Newman Grove State Bank*, 124 Neb. 667, it was held:

"Items sent to a bank for collection and the proceeds thereof are held in trust for the owner.

"Such trust is executed when owner requests and accepts exchange of the bank.

"Letter transmitting a collection item to bank with instruction, 'When paid, kindly forward us your draft in payment,' is such a request for the exchange of the bank as terminates the trust relation when and if the draft issues."

In that case the owner of the draft sought to have a trust impressed upon the assets of the bank for the amount of his draft. It was held that he was not so entitled. A like holding was made by this court in *State v. South Omaha State Bank*, 126 Neb. 46. In that case the

claimant had contracted to purchase real estate, and because of a defect in title it was necessary to hold the purchase money in abeyance. Claimant purchased from the bank a cashier's check for the purpose of holding the money ready to pay the purchase price of the real estate when title should be satisfactory. This court held that the evidence was insufficient to establish that the cashier's check was a trust fund, and the opinion quoted with approval the holding in *State v. Farmers & Merchants Bank, supra.*

Plaintiff contends that section 62-1812, Comp. St. 1929, being a part of the negotiable instruments act, authorizes the allowance of her claim as a trust fund. That section deals with items sent to and collected by a bank. In *State v. Farmers State Bank,* 125 Neb. 427, this court had under consideration said section. In that case a cashier's check had been sent for payment to the bank which issued it. The bank accepted and canceled the check and issued and sent to the owner a draft instead of money. The draft was dishonored because of the failure of the drawer bank. At the time of the cancelation of the check, the bank had sufficient funds to pay the check. In that case the check had been canceled and collection made. It was there held that said section 62-1812 was applicable. However, in the instant case, the cashier's check was not sent to defendant for collection, but for payment. Payment was refused; there was no collection. We think that the statute is inapplicable.

In our opinion, there are no facts alleged in the petition showing such special circumstances that would create the relation of trustee and beneficiary in the instant case. The facts alleged were insufficient to state a cause of action for the equitable relief demanded. The trial court rightly sustained the demurrer and dismissed the action. This same ruling applies to each of the other two cases consolidated with the *Logan* case.

AFFIRMED.