STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. FARMERS STATE BANK, APPELLANT: FEDERAL RESERVE BANK, INTERVENER, APPELLEE.

FILED APRIL 14, 1933. No. 28499.

*F. C. Radke, Barlow Nye, G. E. Price* and *H. Halderson*, for appellant.

*H. G. Leedy* and *W. L. Dowling*, contra.

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is a proceeding to establish a claim against the insolvent Farmers State Bank of Newman Grove and to impress the assets thereof with a trust. The Federal

Reserve Bank of Kansas City sent by mail direct to the State Bank for collection various checks drawn upon it. The two banks did not carry reciprocal accounts, but the State Bank, as the collecting bank, was bound to remit the proceeds. This the State Bank attempted to do by sending its draft on a correspondent bank, which was not paid because of the insolvency of the State Bank. The trial court held that the Federal Reserve Bank had a valid claim against the State Bank and impressed the assets with a trust, entitled to priority over claims of depositors and general creditors.

This transaction occurred a few days before section 62-1812, Comp. St. 1929 (the uniform collection law) took effect, so it is not governed by it.

The checks and the proceeds thereof were held by the State Bank as trustee (*State v. Nebraska State Bank,* 120 Neb. 539; Laws 1925, ch. 29) and the judgment of the trial court is right, unless, as contended by the receiver of the State Bank, there was an express or implied agreement that remittance should be made by draft, which amounted to a purchase of the exchange of the Farmers State Bank by the Federal Reserve Bank. Under an express agreement between the two banks, the State Bank was to collect and remit. By custom of long standing, the State Bank had remitted by draft, and from this it is argued that the Federal Reserve Bank, with knowledge of this custom, exchanged its checks for the draft of the State Bank and established the relation of debtor and creditor, rather than that of principal and agent. If this be true, then the character of the fund was changed immediately upon the issuance of the draft.

In the instant case, the contract between the forwarding and receiving banks did not arise out of a custom, but out of an agreement between them, by which the collecting bank agreed to collect the items sent to it and remit at once to the forwarding bank. The forwarding bank in this case had no desire or intention to purchase the exchange of the State Bank. It was their purpose,

by this transaction, to collect upon the checks drawn on the State Bank in cash or its equivalent. While it is true that for a long time the State Bank had remitted by means of its draft and that the Federal Reserve Bank had accepted said draft, the draft was the medium by which the State Bank attempted to remit and heretofore had transferred funds of which it was trustee. If the draft accomplished the purpose of transferring the trust fund from the State Bank to the Federal Reserve Bank, then the trust fund was extinguished by payment, but if, on the other hand, the draft was not paid upon presentation, then there was no transfer of the funds. A check or draft is never payment of an obligation unless the check is paid. A bad check never discharges a valid obligation. *Omaha Nat. Bank v. Brady State Bank,* 113 Neb. 711. In determining whether or not a bank which, after collecting a check upon itself, fails is a debtor or a trustee, the court will look to the intent of the parties. *Federal Reserve Bank v. Peters,* 139 Va. 45; *Bank of Poplar Bluff v. Millspaugh,* 313 Mo. 412.

A collecting bank's obligation is to pay the proceeds of a collection in cash or its equivalent. This duty is not discharged until the fund is put into the possession of the owner. When the bank chooses to transfer the fund by means of a draft, it has not discharged its obligation until the fund is actually transferred. In the instant case, it was unquestionably the intention of the parties to transfer the trust fund by means of a draft. The fund, represented as it was by a draft, did not change in character because of the means chosen to accomplish the transfer. Custom in this case did not amount to an agreement to accept the exchange of the bank. Heretofore, the obligation of the bank to remit had been discharged by a check or draft that had been paid. It was impractical to remit by a shipment of currency, and it was convenient and proper to transfer the fund by means of a good check or draft. In an annotation, 73 A. L. R. 71, it is said: "As regards the establishment

of a preference in the assets of an insolvent bank in favor of one who forwarded to it an item for collection, and received from it by way of remittance a cashier's check for the amount thereof, it appears as in other cases where a bank collects items forwarded to it and retains the proceeds, to be necessary (1) that the collection and retention of the money created the relation of trustee and beneficiary between the bank and the creditor, (2) that the assets of a bank were thereby augmented, and (3) that the creditor be able to trace the fund into the hands of the receiver. If this test, in all its parts, is met, then the creditor is entitled to a preference for the amount of the proceeds collected, or cashier's check sent by way of remittance thereof." See *Colorado & S. R. Co. v. Docking,* 124 Kan. 48; *Hawaiian Pineapple Co. v. Browne,* 69 Mont. 140; *Hornick, More & Porterfield v. Farmers & Merchants Bank,* 56 S. Dak. 18; *National Bank v. Porter,* 44 Idaho, 514.

A different rule prevails in some jurisdictions. *Peurifoy v. First Nat. Bank,* 141 S. Car. 370; *Leach v. Battle Creek Savings Bank,* 202 Ia. 871. However, this court has long been committed to the doctrine that the collecting bank holds both the item and the proceeds thereof as trustee, and in the absence of an intention to accept in payment rather than as a means of payment the exchange of the bank, the relationship is not changed. There is no intention on the part of the Federal Reserve Bank, either express or implied, to accept the exchange of the Farmers State Bank as payment. It was the usual means of transmittal, but when it was not paid, it failed in its purpose and was not, in fact, payment.

The judgment of the district court is

AFFIRMED.