[No. 24443. Department Two. June 23, 1933.]

DENKICHI TSUJI, *Respondent,* v. C. S. MOODY,
*Appellant.*[1]

*Bausman, Oldham, Cohen & Jarvis* and *Perry R. Gershon,* for appellant.

*Kahin & Carmody,* for respondent.

STEINERT, J.—This action was brought to establish a preferred claim upon the assets of a bank then in process of liquidation by the state supervisor of banking. Upon a trial before the court, the claim was

[1]Reported in 23 P. (2d) 403.

given preference, and findings, conclusions and judgment to that effect were entered. The supervisor has appealed. We will hereinafter continue to designate the parties as plaintiff and defendant.

Inasmuch as the plaintiff admits that defendant's statement of the case is sufficient for present purposes, we adopt it *in toto,* as follows:

On August 20, 1931, the plaintiff, who had a savings account in the sum of $1,104.69 in the Pacific Commercial Bank, of Seattle, Washington, advised the then cashier of the bank, Hasegawa, that he intended to withdraw one thousand dollars therefrom and deposit the same in the Sumitomo Bank at Seattle for the purpose of paying certain debts. This withdrawal was made. At the same time, the plaintiff exhibited to Hasegawa a certificate of deposit issued by the 133rd Bank of Japan in the principal sum of yen 3003.37 (equivalent to $1,702.30), payable in Japan on the 27th day of September, 1931, of which certificate plaintiff was the owner. Plaintiff informed Hasegawa that he intended to deliver this certificate to the Sumitomo Bank at Seattle for collection, and that he intended to use the funds from this collection to pay his debts. At the suggestion of Hasegawa, plaintiff left the certificate of deposit with the Pacific Commercial Bank for collection and credit to his savings account. The bank gave to the plaintiff a receipt for the certificate, which receipt, translated into English, read:

"P. O. Box 3344
"Phone Elliott 0833
"PACIFIC COMMERCIAL BANK
"222 2d Avenue So.
"Seattle, Washington.
"U. S. A.

"To Mr. Denkichi Tsuji:

"SPECIAL LIMITED TIME DEPOSIT CERTIFICATE, issued by 133rd Bank No. 24 of 30, dated September 27, 1928.

"RECEIVED FOR COLLECTION the foregoing one instrument.

"Upon and after the arrival of the money we will make its entry into the Savings Account No. 24109, and notify you of the same at your address: P. O. Box 363, Auburn.      (Sgd) HIDEHITO HASEGAWA.''

This arrangement was made because Hasegawa considered it the more convenient both to the plaintiff and to the bank.

On September 14, 1931, the bank forwarded the certificate to the Mitsui Bank, at Yokohama, Japan, with instructions to collect it on September 27th, when it matured, and to credit the collection to the account of the Pacific Commercial Bank upon the books of the Mitsui Bank. On October 5, 1931, the Mitsui Bank collected the certificate, and upon that date credited the account of the Pacific Commercial Bank with said sum. The advice of this credit was not received by the Pacific Commercial Bank until November 3, 1931. In the interval, on October 23, 1931, the Pacific Commercial Bank became insolvent, and was taken over by the state banking department for liquidation. The plaintiff's savings account was therefore never credited with the proceeds of the collection, although on November 4, 1931, the liquidator credited the plaintiff's account, miscellaneous collections, with the sum of $1,702.30.

The plaintiff filed with the liquidator his claim for a preference in the sum of $1,702.30. It was rejected as a preferred, and allowed as a general, claim. Suit was instituted to establish priority. The trial court accorded Tsuji a preferred claim, and the supervisor appeals from that determination.

There is but one assignment of error, which is that the court erred in granting judgment declaring plain-

tiff's claim to be a preferred claim upon the assets of the bank.

█ The facts of the case, in our opinion, bring it squarely within the provisions of § 13(3) of the bank collection code, Rem. Rev. Stat., § 3292-13, subd. 3, which reads as follows:

"Where an agent collecting bank other than the drawee or payor shall fail or be closed for business as above, after having received in any form the proceeds of an item or items entrusted to it for collection, but without such item or items having been paid or remitted for by it either in money or by an unconditional credit given on its books or on the books of any other bank which has been requested or accepted so as to constitute such failed collecting or other bank debtor therefor, the assets of such agent collecting bank which has failed or been closed for business as above shall be impressed with a trust in favor of the owner or owners of such item or items for the amount of such proceeds and such owner or owners shall be entitled to a preferred claim upon such assets, irrespective of whether the fund representing such item or items can be traced and identified as part of such assets or has been intermingled with or converted into other assets of such failed bank."

The defendant contends that the statute does not apply, because the arrangement between Tsuji and the bank was one of collection and credit, and not for collection only. From this premise, defendant draws the conclusion that the relationship between the plaintiff and the local bank was one of debtor and creditor, and that, therefore, plaintiff was entitled to assert his claim only as a general claim.

The statute was apparently intended as a protection for the owner of the item to be collected until such time as the proceeds of the collection came into his possession, or else became subject to his control or direction. In the present instance, the owner, Tsuji,

never had access to the money nor any right or opportunity to direct its disposition. Had he, at any time before the bank closed, demanded the money or attempted to withdraw its equivalent from his savings account, he would necessarily have been met with a refusal. This is conceded by the defendant. In other words, he would have been told that the item was still in process of collection.

Assuming that the authority and direction given by Tsuji to the bank was for collection and credit, as contended by the defendant, yet, until the credit was actually made, it remained an item of collection. The time for credit having never arrived as it never did, the collection never passed into the form of a credit. The transaction with which the bank was entrusted having never been completed, the relationship of debtor and creditor never arose. The protection afforded by the statute continued until the money was remitted or else an unconditional credit given the owner on the books of the bank. Since there was no remittance nor an entry of unconditional credit, the assets of the bank, into which the proceeds of the collection finally went, became impressed with a trust, under the provisions of the statute, to the amount of such proceeds.

The judgment is affirmed.

BEALS, C. J., MAIN, TOLMAN, and BLAKE, JJ., concur.