STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V.
FARMERS STATE BANK OF WOOD RIVER, E. H. LUIKART,
RECEIVER, APPELLANT: PRESTON HINKSON,
INTERVENER, APPELLEE.

FILED OCTOBER 20, 1933. No. 28829.

*F. C. Radke* and *Barlow Nye,* for appellant.

*Prince & Prince, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and SHEPHERD, District Judge.

DAY, J.

This is an appeal from a judgment of the district court for Hall county, decreeing claim of intervener against an insolvent bank to be a preferred claim payable in full out of the assets in possession of the receiver.

Briefly summarized, the evidence, which was stipulated, reveals that the intervener purchased from the Farmers State Bank of Wood River a cashier's check for $3,000 which he indorsed and sent to a brother in Texas who in turn indorsed it and deposited it in a Texas bank which bank sent it to the issuing bank "for payment and immediate remittance." When the cashier's check was received by the Wood River bank, it was stamped paid and a draft was issued on the Continental National Bank in Lincoln, Nebraska, which was sent to the Texas bank. When this draft was presented for payment to the Lincoln bank, the Wood River bank had been closed by the department of trade and commerce, and the draft was not paid. At the time the draft was sent to the Wood River bank and by it stamped paid, there was sufficient cash in the vault and also on deposit in the Lincoln bank to pay it, which condition continued to the time when the Wood River bank was closed. The Texas bank assigned its claim to the intervener who is the real party in interest.

The trial court very properly concluded the provisions of section 62-1812, subd. b, Comp. St. 1929, were applicable

and controlling: *"When a drawee or payor bank has presented to it for payment an item or items drawn upon or payable by or at such bank* and at the time has on deposit to the credit of the maker or drawer an amount equal to such item or items and such drawee or payor shall fail or close for business as above, after having charged such item or items to the account of the maker or drawer thereof, or otherwise discharged his liability thereon but without such item or items having been paid or settled for by the drawee or payor either in money or by an unconditional credit given on its books or on the books of any other bank, which has been requested or accepted so as to constitute such drawee or payor or other debtor therefor, the assets of such drawee or payor shall be impressed with a trust in favor of the owner or owners of such item or items."

When the intervener purchased the cashier's check, he became the holder of the bank's exchange. But when he transmitted the check to his brother who deposited it in the Texas bank which sent it to the Wood River bank for payment, the obligation of the bank was to pay. This was accomplished by draft to the Texas bank. The obligation of the bank was then materially changed. When the remittance draft was issued, the Texas bank was not the holder of exchange. It had sent the item for payment which was accomplished by stamping the check paid. There was cash in the vault of the bank to pay the item and it was the obligation of the bank to pay. For convenience, it undertook to transmit the money by draft. The Texas bank did not want exchange of the bank. The obligation to pay was not performed until the draft was paid by the Lincoln bank. *State v. Farmers State Bank*, 124 Neb. 693.

The intention of the legislature, expressed by the title to chapter 41, Laws 1929, of which the present section 62-1812, subd. b, Comp. St. 1929, is a part, is: "An act to expedite and simplify the collection and payment by banks of checks and other instruments for the payment of

money." This refutes the argument of appellant that it was the legislative intention only to provide protection for items sent to a bank for collection as distinct from items sent for payment. Omitting words and phrases applicable to other situations, the provisions of the statute applicable to this case may be stated more simply as follows: When a payor bank has presented to it for payment an item payable by such bank and such payor shall close 'or business after having discharged liability thereon but without such item having been paid, the assets of such payor shall be impressed with a trust in favor of the owner of such item.

We are constrained to hold the statute under consideration is applicable where an item is sent to the payor bank for payment as well as where an item is sent to a bank to collect from a third party. The rule in this state is that where an item is sent direct to a payor bank for payment and the liability thereon discharged by cancelation when there is cash in the bank sufficient to pay said item, by the issuance of a draft to transmit the fund, which is not paid because of failure of payor bank, the assets of failed bank shall be impressed with a trust in favor of owners of such item. Comp. St. 1929, sec. 62-1812.

This view finds support in *Fulton v. Baker-Toledo Co.*, 125 Ohio St. 518, wherein the Ohio court construed a similar statute in which the language was not as clearly applicable as ours to a case where the item was sent direct to the payor bank for payment.

Cases cited by appellant in which exchange of the bank had been requested, as well as those decided prior to the enactment of the collection code, are not applicable here. And since it is held that the statute is applicable, it is unnecessary to consider the argument of appellee, that, regardless of the statute, the intervener is entitled. to have the assets impressed with a trust.

An affirmance of the judgment of the trial court is required.

AFFIRMED.