STATE, Appellant, vs. KINGSTON, Commissioner of Banking, Respondent.

*March 8—April 3, 1934.*

82

For the appellant there were briefs by the *Attorney General* and *Benjamin Poss* of Milwaukee, special counsel, and oral argument by *Joseph P. Brazy* of Milwaukee and *Mr. Poss.*

*Vroman Mason* of Madison, attorney, and *Theodore W. Brazeau.* of Wisconsin Rapids and *Thomas N. Burke* of Madison of counsel, for the respondent.

ROSENBERRY, C. J.   The precise question involved here is whether or not the plaintiff is entitled to a preferred claim against the assets of the defunct Capital City Bank pursuant to the provisions of the Bank Collection Code.

In the case of *Federal Reserve Bank v. Malloy,* 264 U. S. 160, 44 Sup. Ct. 296, decided by the United States supreme court on the 18th day of February, 1924, it was held that a bank undertaking to collect commercial items was an agent and that as such it was not authorized to receive anything in payment except cash.   The result of this decision was to make every collecting bank a guarantor of the solvency of its correspondents for the reason that it was customary in the transaction of such business to receive credits and drafts in lieu of cash.   If the collecting bank accepted a draft or check and payment was refused, the collecting bank became liable to its principal.   Various devices were adopted by bankers to avoid the effect of this decision, the most common of which was that the collecting bank receive authority from its customer to accept drafts and credits.   Prior to the decision there was a great divergence of opinion as to when the relation of principal and agent ceased and that of debtor and creditor began in cases where items were deposited by the customer for collection and upon collection were ordinarily placed to the credit of the customer.   Extended discussions of this matter are to be found in the banking law journals and the law reviews of the time.   See 43 Harvard Law Review, 307.   To deal effectively with the situation the so-called Bank Collection Code was prepared and was adopted in Wisconsin by ch. 354, Laws of 1929, and is now sec. 220.15, Stats.   At the close of the year 1931 the code had been adopted in eighteen states.

It is contended on behalf of the defendant that the Bank Collection Code has no application under the facts of this

case for the reason that the letter of instructions directed the bank to "collect and credit." Sub. (2) provides:

"Except as otherwise provided by agreement and except as to subsequent holders of a negotiable instrument payable to bearer or indorsed specially or in blank, where an item is deposited or received for collection, the bank of deposit shall be agent of the depositor for its collection and each subsequent collecting bank shall be subagent of the depositor but shall be authorized to follow the instructions of its immediate forwarding bank and any credit given by any such agent or subagent bank therefor shall be revocable until such time as the proceeds are received in actual money or an unconditional credit given on the books of another bank, which such agent has requested or accepted." . . .

We see no reason why under the code or the common law a bank may not be a collecting agent or collecting bank although either by instructions or the usual and customary course of business the amount of the collection when made is to be deposited to the credit of the customer. In view of the fact that a very large part of the business of the country consists in the collection of various cash items and that generally such items are ultimately to be placed to the credit of the customer, it seems improbable that the protection of the Bank Collection Code was intended to be denied to those for whom the collections were made because they were depositors in the bank through which the collection was made. There is certainly nothing inconsistent about the duties of a collecting agent and a depository.

For the reasons stated it is considered that the plaintiff is entitled to the benefit of the provisions of the Bank Collection Code, even though its instructions were to "collect and credit." If the instructions had been to "credit our account" and the bank had accepted the items as cash and so treated them, an entirely different question would be presented.

It is next contended on behalf of the defendant that the claim of the state to preference must be disallowed for the

reason that under the facts of this case the items had been forwarded to the Chicago Bank and that bank had received payment thereon and given the Madison Bank credit in the amount of $42,113.75 prior to the date of the letter instructing the Madison Bank to "collect and remit." On October 31, 1931, the Madison Bank, by direction of its president, issued a certificate of deposit representing the amount of items deposited with it by the plaintiff. This as plaintiff claimed and as the trial court found was wholly without the authority or knowledge of the state treasurer. It was a very unusual procedure and amounted to an unlawful conversion of state funds. So far as the relation of the plaintiff as principal and the Madison Bank as agent is concerned, this transaction had no legal effect.

Disregarding the fact that the Madison Bank issued a certificate of deposit to itself for the reason that the act was unauthorized, the question then arises whether or not the plaintiff is entitled to a preference under the provisions of sec. 220.15 (13) (c), which provides:

"Where an agent collecting bank other than the drawee or payor shall fail or be closed for business as above, after having received in any form the proceeds of an item or items entrusted to it for collection, but without such item or items having been paid or remitted for by it either in money or by an unconditional credit given on its books or on the books of any other bank which has been requested or accepted so as to constitute such failed collecting or other bank debtor therefor, the assets of such agent collecting bank which has failed or been closed for business as above shall be impressed with a trust in favor of the owner or owners of such item or items for the amount of such proceeds and such owner or owners shall be entitled to a preferred claim upon such assets, irrespective of whether the fund representing such item or items can be traced and identified as part of such assets or has been intermingled with or converted into other assets of such failed bank."

The language of this section supports very definitely the conclusion that we have already arrived at, which is that

under the code a collecting bank may also be a depository of the person for whom the collection is to be made. The controversy in this case arises over what is meant by the language "or on the books of any other bank which has been requested or accepted so as to constitute such failed collecting or other bank debtor therefor." It is claimed that when the Chicago Bank credited the Madison Bank, the relation of depositor and depository then and there arose between the plaintiff and the Madison Bank under the terms of the statute. The trial court so held. With that conclusion we cannot agree. It seems clear under the language of the statute that the collecting bank remains the agent of the customer until (a) it has paid or remitted for the items to the customer in money, or (b) has given an unconditional credit on its books to the customer, or (c) the customer has requested a credit on the books of some other bank or has accepted such credit so as to constitute such other bank the debtor of the customer. What right would the collecting agent bank have, without the knowledge or consent of its customer, to terminate its agency by accepting credit for itself on the books of another bank? Comparatively little business is transacted by payment in cash. Customers not infrequently have correspondents in many cities. If items are to be collected through these depository banks of the customer, the customer acquires exchange on the place where the collection is to be made by procuring a credit in his depository bank at that place. When he requests or accepts such a credit and it has been given him, the agency of the collecting bank is at an end. Its assets are no longer subject to a trust for the benefit of the customer. The collecting bank could not free itself under the circumstances of this case from its duties and liabilities as agent by an act of its own done without the knowledge or consent of its principal, the customer. There is no evidence which indicates that the plaintiff had any knowledge that the Madison Bank was dealing with this fund in any way

other than the way in which it was directed to proceed. If the plaintiff had permitted the Madison Bank to use the fund for its own benefit or it had knowledge of such use, a different question would be presented. No part of the fund representing the items deposited on the 15th of October, 1931, has ever been paid or remitted to the plaintiff, nor did it receive an unconditional credit therefor on the books of the Madison Bank, nor did the plaintiff request or accept a credit upon the Chicago Bank.

The conclusions at which we have arrived are supported by the decision in *Denkichi Tsuji v. Moody,* 173 Wash. 376, 23 Pac. (2d) 403. See also article "Bank Collection Legislation," Thomas B. Paton, Jr., 46 Banking Law Journal, 508, 39 Yale Law Journal, 468, 980.

The defendant makes a vigorous argument to the effect that the issue in this case is determined by sec. 220.15 (9), Stats.:

"*Ordinary care.* Where ordinary care is exercised, any agent collecting bank may receive in payment of an item without becoming responsible as debtor therefor, whether presented by mail, through the clearing house or over the counter of the drawee or payor, in lieu of money, either (a) the check or draft of the drawee or payor upon another bank or (b) the check or draft of any other bank upon any bank other than the drawee or payor of the item or (c) such method of settlement as may be customary in a local clearing house or between clearing banks or otherwise; provided that whenever such agent collecting bank shall request or accept in payment an unconditional credit which has been given to it on the books of the drawee or payor or on the books of any other bank, such agent collecting bank shall become debtor for such item and shall be responsible therefor as if the proceeds were actually received by it in money."

The argument runs thus: The Madison Bank having accepted an unconditional credit on the books of the Chicago Bank under the provisions of the last sentence of sub. (9), the Madison Bank became debtor to plaintiff to the amount

of the credit.  Being a creditor, the plaintiff has no claim to a preference upon the assets of the failed Madison Bank. Sub. (5) provides:

"It shall be the duty of the initial or any subsequent agent collecting bank to exercise ordinary care in the collection of an item."

Subs. (9) and (10) define what constitutes ordinary care under the circumstances therein stated.  Sub. (9) makes no attempt to define under what circumstances a person intrusting items to a bank for collection shall have a preference.  All matters of preference are determined in accordance with the provisions of sub. (13).  In addition to that, the conclusion drawn by the defendant does not follow from the premises.  A collecting bank may become a debtor to a customer depositing items for collection without becoming a depository.  If a collecting bank should convert the items to its own use, the relation of debtor and creditor would arise and other legal consequences might follow, but the collecting bank would not be a depository nor could it in that way deprive the customer of its right to a preference under the provisions of sub. (13).  Sub. (9) provides merely that where the collecting bank accepts an unconditional credit on the books of the bank to which it forwards the item, then its relation to the customer thereafter is the same as if it, the collecting bank, had received cash.  If the collecting bank then converts the cash to its own use, the right of the customer to a preference continues under the provisions of sub. (13) (c) until the collecting bank gives the customer unconditional credit upon its books.  The giving of the credit marks the termination of the relation of principal and agent and the commencement of the relation of depositor and depository.  It is a point arbitrarily selected by the law so as to make definite and certain when one relation ends and the other begins.  The law might have chosen the time when the cash proceeds or the equivalent thereof reached the hands of the collecting bank but it

did not do so. It is not difficult to imagine circumstances under which the collecting bank might by failing to give credit prefer a customer. There probably exists a good reason why the giving of the credit was chosen as the point where one relation should terminate and the other begin.

An agent may by violating the instructions of his principal make himself personally liable to the principal but he does not thereby cease to be an agent. Restatement of the Law of Agency, sec. 12, comment c.

The bonds and coupons in question having been deposited by the state treasurer for "collection and credit," the Madison Bank was the agent of the state for the purpose of collection. The Madison Bank never having given the plaintiff credit for the amount collected by it upon its books, the right of the plaintiff to a preference continued. The credit given by the Chicago Bank to the Madison Bank and accepted by the Madison Bank did not operate to terminate the relation of principal and agent, and in accepting such credit the Madison Bank was in the exercise of ordinary care as defined by the statute. The wrongful act of the Madison Bank in issuing to itself a certificate of deposit did not affect the right of the plaintiff to a preference as that act was done without its knowledge or consent, express or implied. The trial court was therefore in error in denying plaintiff a preference for the amount of the securities left for collection. Under the provisions of sub. (13) (c) the plaintiff is entitled to a preference for the items collected after the Madison Bank was closed, so that it was in fact entitled to a preference for the whole amount of the securities deposited for collection.

*By the Court.*—That part of the judgment appealed from is reversed, with directions to enter judgment awarding plaintiff a preference against the assets in the hands of the Banking Commissioner for the full amount of plaintiff's claim.