STATE, Respondent, vs. UNITED STATES FIDELITY & GUAR-
ANTY COMPANY and another, Appellants.

*March 8—April 3, 1934.*

For the appellants there were briefs by *Lines, Spooner & Quarles,* attorneys for the United States Fidelity & Guaranty Company, and *Douglass Van Dyke,* attorney for the Fidelity & Deposit Company of Maryland, and *Maxwell H. Herriott* of counsel, all of Milwaukee, and oral argument by *Mr. Van Dyke* and *Mr. Herriott.*

For the respondent there were briefs by the *Attorney General* and *Benjamin Poss* of Milwaukee, special counsel, and oral argument by *Joseph P. Brazy* of Milwaukee and *Mr. Poss.*

ROSENBERRY, C. J.   In this case we briefly state the facts necessary to disclose the questions raised; for a complete statement, see *State of Wisconsin v. Kingston, ante,* p. 80, 254 N. W. 126.   On October 16, 1931, the Capital City Bank entered the bonds and coupons which it had received from the state treasurer the day before, in its collection

register. On October 31, 1931, the Capital City Bank charged the Continental Illinois Bank & Trust Company of Chicago with the full amount of these bonds and coupons in its general journal, although bonds and coupons in the sum of only $65,947.50 were then actually in the hands of the Chicago Bank for collection. Against this entry it credited the account "Certificate of Deposit" with a like amount. A certificate of deposit was made out, payable to the Capital City Bank. This transaction made its cash on hand appear larger than it was. The plaintiff had no notice of nor did it in any way consent to the use of the funds by the bank. The court found, and with respect to that finding there is no dispute, that the collections were made in fact by the Chicago Bank, as stated in *State of Wisconsin v. Kingston, ante,* p. 80, 254 N. W. 126.

The condition of the bonds was prescribed by statute, sec. 14.44, and is as follows:

"Now, therefore, the condition of this obligation is such that if the said Capital City Bank of Madison, Wisconsin, the banking corporation aforesaid, shall pay to the state treasurer of the state of Wisconsin, or to his order, upon demand, free of exchange or expense, at any place in the state of Wisconsin designated by said state treasurer, all of such moneys which may be deposited in the said Capital City Bank of Madison, Wisconsin, as such state depository, with interest thereon from the date of deposit at the rate of three (3) per cent per annum, or at such other or different rate of interest as the said board of deposits shall determine from time to time, then this bond and obligation shall be null and void, and otherwise to be and remain in full force and effect."

By the provisions of sec. 14.46, the state treasurer, under the direction of the board of deposits, was authorized to deposit with any depository which had complied with the law,—

"any state moneys in his hands or under his official control, and any sums so on deposit shall be deemed to be in the

state treasury, and said treasurer shall not be liable for any loss thereof resulting from the failure or default of any such depository," etc.

When the Capital City Bank failed on November 10, 1931, the account of the state treasurer on the books of the Capital City Bank had received no credit and there was then in the hands of said bank a certificate of deposit issued by the bank to itself in the amount of the bonds and coupons left for collection. In this case the state contends that although it may be entitled to a special lien upon the assets of the insolvent Capital City Bank because the relation of depositor and depository did not exist but that of principal and agent did exist, as held in *State of Wisconsin v. Kingston, ante,* p. 80, 254 N. W. 126, nevertheless the funds derived from the collection under the circumstances of this case and then in the hands of the Capital City Bank were funds deposited in the Capital City Bank within the meaning of that term as used in the bonds. The claim of the plaintiff is not so inconsistent as appears at first blush. The argument of the plaintiff runs thus: The bonds and coupons were deposited under instructions to collect and credit. The collections had in fact been made, at least in part, by way of a credit on the books of the Chicago Bank to the Madison Bank, thereby placing the Madison Bank in the position of having received the proceeds of the collection, but instead of crediting the state as the collecting bank was directed to do, it had issued a certificate of deposit therefor to itself in violation of its instructions, thus making the bank liable as a debtor to the state. While the conclusion is sound so far as the relation of debtor and creditor is concerned, it does not follow that the relation of depositor and depository had been created, either under the Bank Collection Code or under general legal principles. Deposits are of two kinds, general and special. The direction given the Capital City Bank by the state treasurer to collect and credit

contemplated a general deposit against which the state treasurer might issue orders for delivery in accordance with the conditions set out in the bonds. *In re Warren's Bank,* 209 Wis. 121, 244 N. W. 594. While the Capital City Bank as agent might as such make itself liable by reason of the violation of its instructions and so become a debtor to the state, it did not thereby become a depository.

Although the relation of a bank to its depositor is ordinarily referred to as that of debtor and creditor, it is a debtor and creditor relation of a limited and special kind; limited because it is subject to the law and usages governing the relationship of depositor and depository which are not applicable to other debtor-creditor. relationship; it is a special kind of debtor-creditor relationship for the reason that the credit may be transferred in whole or in part upon the order of the depositor. By reason of these considerations a bank may be, with relation to a particular fund in its possession, a debtor and not a depository. *United States F. & G. Co. v. Forest County State Bank,* 199 Wis. 560, 227 N. W. 27; *Commonwealth ex rel. Bell v. Tradesmen's Trust Co.* 250 Pa. St. 383, 95 Atl. 578; *Bassett v. West Haven Bank & Trust Co.* 116 Conn. 609, 165 Atl. 895; *S. C.* 86 A. L. R. 1306, and note, "Who are depositors or what constitutes deposits," at p. 1311, and cases cited.

There is no attempt to provide either in the statute authorizing the qualification of state depositories or in the bonds as drawn for liabilities of the Capital City Bank to the state as agent collecting or otherwise. When the Capital City Bank failed to credit the funds received by it from the Chicago Bank to the account of the state treasurer so that the same were subject to check, it breached its duty as agent and accordingly became a debtor but not a depository. *Dakin v. Bayly,* 209 U. S. 143, 54 Sup. Ct. 113; *State v. Citizens State Bank,* 117 Neb. 358, 220 N. W. 593; *State ex rel. Spillmann v. Dunbar State Bank,* 119 Neb. 763, 230 N. W.

687; *Nixon State Bank v. First State Bank,* 180 Ala. 291, 60 So. 868.

Having held in *State of Wisconsin v. Kingston, ante,* p. 80, 254 N. W. 126, that the relation of principal and agent as to the deposit in question was not terminated under the Bank Collection Code, and that the state is entitled to a preference under the statute, it must also be held on general principle that the Capital City Bank was not a depository on account of the same funds which it had wrongfully converted to its own use. The funds derived from the collection of the bonds and coupons never became a "deposit," the payment of which was secured by the bonds given by the defendants.

*By the Court.*—That part of the judgment appealed from is reversed, and cause remanded with directions to enter judgment in that regard in favor of the defendants and against the plaintiff.