## LINDSAY v. ELLIOTT et al.
## KRUPNICK v. PEOPLE'S STATE BANK OF SOUTH CAROLINA et al.
### No. 3847.

Circuit Court of Appeals, Fourth Circuit.
April 24, 1935.

W. M. Stevenson and Ross M. Lindsay, both of Bennettsville, S. C., for appellant.

W. C. McGowan and E. W. Mullins, both of Columbia, S. C. (Nelson & Mullins and Benet, Shand & McGowan, all of Columbia, S. C., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order denying preferential status to a claim filed with the receivers of the failed People's State Bank of South Carolina. Claimant was the receiver of the Workers' Enterprise Bank of Bennettsville; and on January 2, 1932, the day on which the People's State Bank closed, he had on general deposit to his credit with the Bennettsville branch of the People's State Bank the sum of $6,200.25. Shortly before the closing of the bank, he presented his check for that amount, which was charged to his account, and received therefor a check for like amount drawn by the cashier of the Bennettsville branch on the Columbia branch. This check was never paid because of the closing of the bank. Claimant bases his claim to a preference on section 6960 of the South Carolina Code of 1932, which provides:

"When a drawee or payor bank has presented to it for payment an item or items drawn upon or payable by or at such bank and at the time has on deposit to the credit of the maker or drawer an amount equal to such item or items and such drawee or payor shall fail or close for business as above, after having charged such item or items to the account of the maker or drawer thereof or otherwise discharged his liability thereon but without such item or items having been paid or settled for by the drawee or payor either in money or by an unconditional credit given on its books or on the books of any other bank, which has been requested or accepted so as to constitute such drawee or payor or other bank debted [debtor?] therefor, the assets of such drawee or payor shall be impressed with a trust in favor of the owner or owners of such item or items for the amount thereof, * * * and such owner or owners shall be entitled to a preferred claim upon such assets. * * *"

We do not think that the claimant comes within the protection of either the spirit or the language of this statute. He was not engaged in an attempt to collect the check drawn on the Bennettsville branch, but drew that check for the evident purpose of obtaining the cashier's check. He certainly does not bring himself, therefore, within the spirit or purpose of the statute which is part of the uniform collection code. He does not bring himself within its language; for, in lieu of the check drawn on his deposit account in the Bennettsville branch, he voluntarily accepted the cashier's check drawn on the Columbia branch, which was an unconditional credit extended him by the bank and presumably entered upon its books. We are bound by the decision of the Supreme Court of South Carolina interpreting the statutes of that state; and we think that the case at bar is clearly ruled against claimant by recent decisions of that court. See Ex parte Sanders, 168 S. C. 323, 167 S. E. 154; Ex parte Town of Darlington, 168 S. C. 242, 167 S. E. 412; Loan & Savings Bank v. Lowry, 170 S. C. 388, 170 S. E. 474; South Carolina State Bank v. Citizens Bank, 173 S. C. 496, 176 S. E. 346, 95 A. L. R. 667.

Affirmed.